**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**ADAMA SAJOR BAH**,

*Petitioner*,

v.

**JAMAL L. JAMISON, Warden Of Philadelphia Federal Detention Center, et al.**,

*Respondents.*

**Case No. 2:26-cv-06089-JDW**

# MEMORANDUM

When a judge issues an injunction, that injunction remains in force until it expires or a court vacates it. And, while it no longer has any force, we don't pretend that it never happened. The Government released Adama Sajor Bah from immigration custody on bond pursuant to an injunction that a district judge in Washington issued. The district judge later vacated that injunction, and the Government has now detained Mr. Bah for immigration enforcement proceedings. Mr. Bah contends that his detention without a bond hearing violates the Due Process Clause, but the Government claims that I should treat Mr. Bah like he's still at the border. But the Government's position assumes that the injunction pursuant to which it released Mr. Bah never happened. Yet the injunction wasn't void from the start, it was just reversed. Mr. Bah is still treated like someone who the Government released into the country on bond, which means that it cannot now detain him without another bond hearing.

## I. BACKGROUND

### A. The *Padilla* Injunction

In March 2019, a district judge from the United States District Court for the Western District of Washington certified a nationwide "Bond Hearing Class" that included "[a]ll detained asylum seekers who entered the United States without inspection, were initially subject to expedited removal proceedings under 8 U.S.C. § 1225(b), were determined to have a credible fear of persecution, but are not provided a bond hearing with a verbatim transcript or recording of the hearing within seven days of requesting a bond hearing." *Padilla v. ICE*, Case No. 18-cv-928, 2019 WL 1056466, at *1 (W.D. Wash. Mar. 6, 2019). The judge then issued a preliminary injunction requiring the government to provide such bond hearings to class members within seven days of a class member's request (or to release them). *See Padilla v. ICE*, 379 F. Supp.3d 1170, 1172–73 (W.D. Wash. Apr. 5, 2019). While the injunction was in effect, Mr. Bah requested a custody redetermination in his immigration proceedings. An immigration judge granted Mr. Bah's request and ordered his release from custody under bond of $7,000. Mr. Bah posted bond on January 22, 2020, and immigration officials released him. Mr. Bah has been living in the United States since then.

Years later, the Supreme Court vacated the judgment in *Padilla* and remanded the case for further consideration in light of *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). On remand, the district court vacated the preliminary injunction. *Padilla v. ICE*,

Case No. 18-cv-928, 2022 WL 22248517, at *1 (W.D. Wash. July 29, 2022). On August, 17, 2026, ICE purported to cancel Mr. Bah's bond as "satisfied" and detained him pending completion of his asylum proceedings.

**B. Mr. Bah's Detention**

Mr. Bah is a native and citizen of Sierra Leone. On July 21, 2019, he entered the United States without inspection and Customs and Border Protection apprehended and detained him. CBP determined that he was inadmissible to the United States under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and placed him in expedited removal proceedings under 8 U.S.C. § 1225(b)(1). But since Mr. Bah claimed a fear of returning to Sierra Leone, CBP referred him to United States Citizenship and Immigration Services to complete a credible fear interview. USCIS found that Mr. Bah had demonstrated a credible fear, placed him in removal proceedings under 8 U.S.C. § 1229a, and continued to detain him pending further consideration of his asylum application. On November 22, 2019, an Immigration Judge found Mr. Bah removable, denied his applications for asylum, and ordered him removed to Sierra Leone. He moved to reopen, which the IJ denied, and he then appealed to the BIA. That appeal remains pending.

In March 2026, Mr. Bah was arrested and charged with seven drug-related charges in the Philadelphia Court Of Common Pleas. According to the Common Pleas Court's docket sheet, the case remains active.

On August 17, 2026, ICE detained Mr. Bah pending completion of his removal proceedings. ICE also cancelled Mr. Bah's bond as "satisfied" and directed a refund. Mr. Bah filed a petition for a writ of *habeas corpus* on August 20, 2026. Respondents responded on August 27, 2026. The petition is ripe for review.

## II. LEGAL STANDARD

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States … in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). The burden is on the petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

The immigration court ordered Mr. Bah released into the country on bond. That fact determines the outcome of this case because he was in the country and therefore was entitled to a full panoply of due process rights, just like every other person in the country. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). That includes a bond hearing. *See Buele Morocho v. Warden Phila. FDC*, -- F.4th --, 2026 WL 2546223, at * 7-8 (3d Cir. Aug. 28, 2026). Contrary to Respondents' argument, the fact that the *Padilla* court vacated the injunction that paved the way for Mr. Bah's release years earlier does not render that release—or his continued presence in the country—a nullity. Operating within the legal

landscape as it existed at the time, an Immigration Judge released Mr. Bah on bond, and Mr. Bah physically entered the United States.

Nonetheless, Respondents contend that they are detaining Mr. Bah pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii) just like the petitioner in *Brando Ribeiro v. Jamison*, Case No. 2:26-cv-02326-JDW, 2026 WL 1413551 (E.D. Pa. May 20, 2026). But Mr. Bah's case is different than Mr. Brando Ribeiro's. Mr. Brando Ribiero was paroled into the country pursuant to 8 U.S.C. § 1182(d)(5)(A), while Mr. Bah was released from detention on bond. This distinction makes all the difference.

Parole is a product of a statute and has unique implications on an alien's right to due process. Aliens may be paroled temporarily into the United States pursuant to Section 1182(d)(5)(A). But upon the termination of that parole, "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A). Thus, for an alien who was detained under the mandatory detention provision of Section 1225(b)(1)(B)(ii) at the time he was paroled, like Mr. Brando Ribeiro, the alien is returned to mandatory detention under that same provision once his parole ends. *See Brando Ribeiro*, 2026 WL 1413551 at *4. This procedure, as I explained in *Brando Ribeiro*, comports with due process because aliens who are caught at or near the border and subsequently paroled into the United States are subject to a legal entry fiction. *See Brando Ribeiro*, 2026 WL 1413551, at *6–7

(citing *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 215 (1953) and *Leng May Ma v. Barber*, 375 U.S. 185, 188–90 (1958)). That is so regardless of whether an alien physically entered the United States and remained there for years. *See Brando Ribeiro*, 2026 WL 1413551, at *6–7.

However, the Government did not release Mr. Bah on parole; it released him on bond. And unlike the parole provision of Section 1182(d)(5)(A), Respondents point to no statutory provision that returns Mr. Bah to the custody from which he was released. Nor do Respondents cite any precedential case that either suggests being released on bond is akin to being released on parole or creates a similar entry fiction that requires me to treat Mr. Bah as if he was on the threshold of initial entry without a full panoply of Due Process protections.

## IV. CONCLUSION

The Government cannot detain Mr. Bah without a bond hearing. However, given his pending criminal charges, the appropriate course of action is to require a prompt bond hearing in immigration court, rather than an immediate release. An appropriate Order follows.

**BY THE COURT**:

*<u>/s/ Joshua D. Wolson</u>*
JOSHUA D. WOLSON, J.

September 8, 2026